**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

CELIA WEBB,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. CIV-23-126-JAR

**OPINION AND ORDER**

This matter comes before the Court on Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Docket Entry No. 10). The parties consented to the jurisdiction of the undersigned United States Magistrate Judge for this case on August 29, 2023.

This case was initiated by Plaintiff Celia Webb with a filing of the Complaint on April 18, 2023. (Docket Entry No. 2). She alleged that she was treated in the Kiamichi Family Medical Center, which Plaintiff states is an employee of the Public Health Service under the Federally Supported Health Centers Assistance Act thereby subjecting Defendant United States of America to liability under the Federal Tort Claims Act. 42 U.S.C. § 233(g)-(n). (Complaint at ¶2).

Factually, Plaintiff alleged in the Complaint that on May 5, 2021, in a visit to the Kiamichi Family Medical Center, she was

treated by Lauren Roberts, APRN, FNP-C, complaining of ringing in her right ear, a feeling of fullness in her right ear, and decreased hearing in her right ear. At that time, Ms. Roberts determined it necessary to perform an ear lavage on Plaintiff. During the ear lavage, the end of the ear lavage syringe broke loose and hit Plaintiff's ear drum. The syringe allegedly ruptured her ear drum. Plaintiff asserted a claim for medical negligence. (Complaint at ¶¶8-11). Plaintiff also includes a claim that Defendant "failed to properly select, train, and supervise their agents, servants, workmen, or employees to assure plaintiff reasonable treatment and care under the circumstances. . . ." (Complaint at ¶14(l)).

Plaintiff attached a copy of the SF 95 wherein she commenced the federal tort claim in an attempt to exhaust her administrative remedies on May 17, 2023. On the SF 95, Plaintiff alleged her injury to be a "ruptured ear drum." Under "Amount of Claim", Plaintiff indicated that her personal injury damages were "in excess of $75,000.00." She also alleged that her total damages were "in excess of $75,000.00." (Complaint, Exh. No. 1). The SF 95 also states under the section for the recitation of the amount of damages sought in the tort claim for the claimant to "[s]ee instructions on reverse." The reverse of the form indicates that

the "**Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**" (emphasis in original)(Defendant's Reply in Support of Its Motion to Dismiss, Docket Entry No. 18, Exh. No. 1, at subparagraph (d)).

The United States Department of Health and Human Services acknowledged receipt of the tort claim by letter dated September 21, 2023 and requested additional information from Plaintiff. The agency, however, did not approve the claim or acknowledge that the form was completed properly.

Defendant seeks dismissal, in part, based in Fed. R. Civ. P. 12(b)(1), a lack of subject matter jurisdiction. Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See* Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See* Basso, 495 F.2d at 909.

Since Defendant United States is a sovereign, Plaintiff must also show that she relies upon a statute which provides for a specific waiver of the United States' sovereign immunity. "'The concept of sovereign immunity means that the United States cannot be sued without its consent.' Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992). Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived. Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009). Consequently, plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim. *See* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Sydnes v. United States, 523 F.3d 1179, 1182–83 (10th Cir. 2008)." Iowa Tribe Of Kansas & Nebraska v. Salazar, 607 F.3d 1225, 1232 (10th Cir. 2010).

The Federal Tort Claims Act "is a limited waiver of sovereign

immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." Garling v. United States Env't Prot. Agency, 849 F.3d 1289, 1294 (10th Cir. 2017). The requirements for a federal tort claim are set out in 28 U.S.C. § 2675(a). Section 2675(a) necessitates that claims for damages against the government be presented to the appropriate federal agency by filing "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Bradley v. U.S. by Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted) "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. . . . The requirements are jurisdictional and cannot be waived. . . . In construing the statute of limitations established by the FTCA, we should keep in mind that the FTCA waives the immunity of the United States and 'not take it upon ourselves to extend the waiver beyond that which Congress intended.'" Id. (citations omitted).

The Tenth Circuit has made it clear that use of the term "in excess of" an amount does not satisfy the requirement that a sum certain be set forth on the tort claim form. "The regulation, however, still requires that there be written notification, *plus*

*a claim in a sum certain,* in order to be considered adequate notice. . . . Because there is no ceiling on the amount, we decline to hold that Plaintiff's valuation of his claim as "in excess of $100,000.00" is sufficient to satisfy the sum certain requirement." Id. at 271 (citations omitted). The Court determined that such a recitation does not provide adequate information to the federal agency for it to ascertain whether the claim is "realistic or settleable." Id.

In this case, Plaintiff's use of the term "in excess of $75.000.00" in the amount of damages claimed is legally insufficient. This statement of Plaintiff's alleged damages does not constitute a "sum certain" as required by the case authority. This insufficiency deprives this Court of subject matter jurisdiction and the "[f]ailure to comply with the sum certain requirement results in the case being treated 'as if no administrative claim had ever been filed.'" Id. (citation omitted).

Defendant also contends that the claim for negligent selection, training, and supervision should be dismissed because (1) it was not included in the administrative claim filed under the Federal Tort Claims Act; and (2) it is barred by the discretionary function exception to the Federal Tort Claims Act. While it appears that the latter argument will bar the claim, it

is clear that the former contention will preclude its assertion and deprive this Court of subject matter jurisdiction. The claim for negligent selection (or hiring), training, and supervision against the employer is certainly separate and apart from the medical negligence claim for the vicarious liability for the acts of the employee under Oklahoma law. N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999)("Employers may be held liable for negligence in hiring, supervising or retaining an employee. In such instances, recovery is sought for the employer's negligence. The claim is based on an employee's harm to a third party through employment. An employer is found liable, if—at the critical time of the tortious incident—, the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought. In Oklahoma, the theory of recovery is available if vicarious liability is not established.") Plaintiff's contention that these claims should be subsumed into the assertion of general medical negligence is contrary to law and rejected.

The totality of the facts alleged in the tort claim asserted by Plaintiff consisted of the following:

> Celia Webb was a patient at the Kiamichi Family Clinic on 5/5/2021. She was having problems with her right ear. Celia Webb was

> initially seen by PA and was told that there was wax in her ear and a nurse would come in and remove the wax. The nurse was using a water powered tool to remove the wax. While the equipment was being used, there was an explosion, causing a piece of the equipment to pierce Ms. Webb's rear (sic) drum.

(Complaint, Exh No. 1).

This information does not convey sufficient notice to Defendant that a separate and distinct claim for negligent hiring, training, and supervision is alleged. Lopez v. United States, 823 F.3d 970, 977 (10th Cir. 2016)("[N]othing in Lopez's administrative claim would have caused the government to investigate whether Kindt was properly credentialed. . . . For these reasons, we conclude that the district court lacked subject matter jurisdiction over Lopez's negligent credentialing and privileging claim.). Accordingly, this Court lacks subject matter jurisdiction over this claim.[1]

Plaintiff does not offer opposition to precept that she failed to set forth a sum certain in the tort claim or that her tort claim factually addressed the negligent hiring, training, and supervision claim. She does, however, contend that Defendant should be equitably estopped from denying the viability of the claim. She contends that the agency accepted the claim and never

---

1 The claim is also barred, to the extent it can be deemed asserted in the tort claim form, for the failure to state a sum certain.

informed her that there was a deficiency in the form. The agency was under no such obligation. The form itself directs Plaintiff to the consequences for failing to properly set out a sum certain. Moreover, as noted, "bringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994)(citations omitted). Since the failure to comply with the sum certain requirement renders the claim as if it had never been filed, jurisdiction is lacking and not subject to the equitable principles Plaintiff urges. "[N]ot only is it impossible to foreclose the assertion of this defense by the passage of time or the notion of estoppel, but also it is impossible to cure or waive a defect of subject matter jurisdiction by consent of the parties." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 1393 (3d ed. 2004); *e.g.*, Henry v. Office of Thrift Supervision, 43 F.3d 507, 511-12 (10th Cir. 1994). Consequently, Plaintiff's claim remains barred as unexhausted, thereby depriving this Court of the requisite subject matter jurisdiction and entitling Defendant to dismissal.[2] Amendment of

---

2 Because estoppel cannot be asserted to challenge jurisdiction, this Court need not address the elements of equitable estoppel. Additionally, since dismissal is appropriate based upon a lack of subject matter jurisdiction under Rule 12(b)(1), this Court need not address the arguments set out in Defendant's Motion asserted under Rule 12(b)(6).

the Complaint would be futile and, therefore, will not be permitted.

IT IS THEREFORE ORDERED that Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Docket Entry No. 10) is hereby **GRANTED.** The claims asserted against Defendant United States of America are hereby **DISMISSED.**

IT IS SO ORDERED this 7th day of December, 2023.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

2 Because estoppel cannot be asserted to challenge jurisdiction, this Court need not address the elements of equitable estoppel. Additionally, since dismissal is appropriate based upon a lack of subject matter jurisdiction under Rule 12(b)(1), this Court need not address the arguments set out in Defendant's Motion asserted under Rule 12(b)(6).